UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| James Dion Palmer, | Case No. 1:22-cv-488 |
| Petitioner | |
| v. | MEMORANDUM OPINION AND ORDER |
| Cleveland City Jail, | |
| Respondent | |

*Pro se* Petitioner James Dion Palmer has filed a Petition under 28 U.S.C. § 2254 for a Writ of *Habeas Corpus*. (Doc. No. 1.)

A district court must examine a *habeas* petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Habeas Corpus Cases; *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, I find that the Petition must be summarily dismissed.

The statute that authorizes district courts to entertain state prisoners' habeas petitions expressly limits their jurisdiction to petitions filed by persons "in custody pursuant to the judgment of a State court." *In re Lee*, 880 F.3d 242, 243 (6th Cir. 2018), citing 28 U.S.C. § 2254(a). Thus, a district court may consider a prisoner's petition only if he files it while "in custody" under the conviction or sentence under attack. *Id.*, citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Here, Petitioner indicates he seeks to challenge a judgment of conviction of the "Cleveland Superior Court" (Doc. No. 1 at 1, ¶¶ 1-2), but it is apparent he is not currently in custody pursuant to such a judgment. Petitioner does not state the criminal docket, case number, or date of the

judgment he represents he seeks to challenge, indicating such information is "unknown" (*id.* at ¶ 2); the return address of Petitioner's filings clearly indicate he is currently incarcerated in a correctional facility in Everett, Washington. The Court is unable to locate any information in the Ohio Department of Rehabilitation and Correction's database or otherwise indicating that Petitioner is incarcerated pursuant to any Ohio judgment.

In that it is apparent Petitioner is not "in custody" pursuant to the judgment of conviction he seeks to challenge, this Court lacks jurisdiction over his Petition. *See In re Lee*, 880 F.3d 242.

### Conclusion

Accordingly, this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. I further certify that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge